# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DANA MORRELLE EASTERLING, #121110**                                      **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:14cv526-CWR-FKB**

**LANDON ATES, MIKE WILLIAMS, and**
**CITY OF MAGEE, MS**                                                       **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This case is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Dana Morrelle Easterling is incarcerated with the Mississippi Department of Corrections, and he brings this action for damages and injunctive relief, challenging his parole revocation. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

Easterling alleges that on December 28, 2011, he was driving in Magee, Mississippi, when he was pulled over by Defendant Officer Landon Ates. Ates claimed that Easterling had failed to signal a left turn. Easterling apparently disputes this. Once stopped, Easterling told Ates that Easterling's driver's license was suspended. He was not placed under arrest. Instead, Easterling contends that Ates then searched Easterling's car without probable cause, a warrant, consent, and not incident to an arrest. According to the Complaint, Ates then falsely claimed to find six grams of cocaine under the vehicle's gear shift. Easterling claims there were no drugs in the vehicle and that he never saw the drugs that Ates purported to find. Defendant Officer Mike Williams arrived during the search and then "sent the drugs to the MS crime lab." (Compl. at 5). Easterling was arrested for possession of drugs.

On February 16, 2012, Easterling's parole was revoked based on this incident, for possession of drugs. He was sent to prison and had to serve the remainder of his term, from December 28, 2011, to July 13, 2013, in prison, as a result.[1]

Easterling was also indicted, in September of 2012, in a separate criminal case for the alleged possession of drugs. Once he completed his parole revocation sentence, he was returned from prison to the Simpson County Detention Center. Here, he was released on bond and appointed an attorney. The prosecution eventually dismissed the indictment on September 8, 2013, because of "insufficiency of the evidence." *Id.* at 7. Easterling claims this was because Ates had perjured himself at the parole revocation hearing.

Easterling filed the instant action on July 8, 2014. He claims that Ates illegally stopped him, illegally searched his vehicle, then planted cocaine and falsely accused him of possession. Easterling contends that Ates repeated this false testimony at the parole revocation hearing and at the grand jury proceedings. Easterling sues Williams for sending the drugs to the crime lab. Easterling also sues the City of Magee, as the employer for the two police officers. He asks that his parole revocation be expunged and that he be awarded compensatory damages for the false arrest and time in incarceration.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1]Easterling's current incarceration is a result of a subsequent *probation* violation.

relief." 28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Easterling to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

A civil action that challenges the fact or duration of a conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  In such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82. *Heck* applies to parole revocations. *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

Easterling claims he was unlawfully stopped, his car was unlawfully searched, and the drugs were planted.  His claim that the drugs were planted on him obviously calls into question the validity

3

of his parole revocation for possession of those drugs. He insists that he never possessed the drugs. If the Court were to agree, it would necessarily follow that his parole revocation is invalid.

The Court must next consider the Fourth Amendment seizure and search claims. "It is well established that a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest. *Mackey v. Dickson*, 47 F. 3d 744, 746 (5th Cir. 1995). *Heck* itself recognized that a claim for an:

> unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (citation omitted). There are some circumstances in which an unreasonable search or seizure claim may necessarily imply the invalidity of the conviction, however. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995); *Mackey*, 47 F.3d at 746. *See also*, *e.g.*, *Cano v. Bexar County*, 280 F. App'x 404, 408 (5th Cir. June 4, 2008).

Easterling's Fourth Amendment objections implicate the admissibility of the drugs in question. The State contended, and his revocation rests on a finding that, the drugs were in his car. If the Court were to agree that there was no probable cause to stop Easterling's car in the first place, then the drugs would be inadmissible as fruits of an illegal seizure, absent an independent source or inevitable discovery. The facts as pled by the Plaintiff indicate that he was not under an ongoing investigation, nor were there any other witnesses against him, and there was no other reason to stop his vehicle. But for the illegal stop, he argues, there would be no evidence against him at all. Since this was the only evidence against him, then the error would not be harmless. *United States v. Zavala*, 541 F.3d 562, 581 (5th Cir. 2008) (holding, "A constitutional error may be deemed harmless

if the [government] proves beyond a reasonable doubt that the error complained of did not contribute to the verdict."). Thus, success on the illegal seizure claim would necessarily imply the invalidity of his parole revocation.

If the Court were to agree that there was no probable cause to search Easterling's car, then the drugs would also be inadmissible, absent an independent source or inevitable discovery. For the reasons above, there is nothing to indicate an exception to such inadmissibility. Furthermore, Easterling pleads that he was not under arrest at the time of the search, which indicates that there is no basis to assert inevitable discovery through an inventory search. *See*, *United States v. Cherry*, 759 F.2d 1196, 1206 (5th Cir. 1985) (holding that because agents were not actively pursuing a warrant at the time of the warrantless search, then the fact that they could have obtained a warrant cannot serve as a basis for inevitable discovery). *Compare*, *United States v. Ochoa*, 667 F.3d 643, 650 (5th Cir. 2012) (holding that there would have been inevitable discovery through an inventory search, where defendant was arrested prior to the search, and the search occurred once the vehicle arrived at the police station); *United States v. Seals*, 987 F.2d 1102, 1108 (5th Cir. 1993) (in case where defendant was arrested before the challenged search, the court held that because, at the time of the challenged search, the police had already decided to impound the vehicle and begun the necessary paper work to do so, an inventory search could serve as the basis for inevitable discovery). Easterling's pleadings indicate that the drugs were the only evidence against him and that there is no other way they would have come in.

Having concluded that success on any one of Easterling's claims would necessarily invalidate his state court parole revocation, the claims may only proceed if he proves the parole revocation has already been invalidated. He admits that his revocation still stands.

Because the conviction for a parole violation has not yet been invalidated, Easterling is precluded by *Heck* from challenging it in this civil action.  This case is dismissed with prejudice for failure to state a claim, until such time as he successfully has the parole revocation invalidated, via appeal, post conviction relief, habeas, or otherwise.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  This dismissal counts as a strike under § 1915(g).  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

Finally, to the extent that Easterling may also be seeking habeas relief from his parole revocation, he admits that he was no longer in custody on the parole revocation at the time he filed this action.  Therefore, the Court declines to construe this as a habeas action.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim, until such time as *pro se* Plaintiff Dana Morrelle Easterling successfully has his state parole revocation invalidated, via appeal, post conviction relief, habeas, or otherwise.  This dismissal counts as a strike under 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE